{¶ 1} I disagree with the majority's decision to deny Rector's application to reopen because I believe he has raised a genuine issue as to whether his appellate counsel was ineffective for failing to raise whether he was denied his constitutional right to a public trial. I hasten to clarify that the fact that I would reopen the appeal does not necessarily mean I would find Rector's assignments of error meritorious. I simply believe that the parties should be given the opportunity to fully brief and argue this particular issue before this court rules on its merits.
 {¶ 2} Rector bases his application upon the trial court's decision to clear the courtroom during the testimony of the eight year-old victim of the alleged sexual assault. Both the Ohio and United States Constitutions guarantee an accused the right to a public trial. See United States Constitution Amendments Six and Fourteen; Article I, Section 10, Ohio Constitution. But the right to a public trial is not absolute and may yield to overriding interests in very limited circumstances. Waller v. Georgia (1984), 467 U.S. 39, 45; State v.Washington (2001), 142 Ohio App.3d 268, 271. A court deciding whether to close a courtroom must apply a particular test on a case-by-case basis.Waller at 48, citing Press-Enterprise Co. v. Superior Court (1984),464 U.S. 501; Globe Newspaper Co. v. Superior Court (1982), 457 U.S. 596,609; State v. Workman (1984), 14 Ohio App.3d 385. According to Rector, since the trial court's error violated his right to a public trial the case must be remanded for a new trial. He argues that a violation of his right to a public trial is a structural error which mandates reversal.
 {¶ 3} The United States Supreme Court has held that most constitutional errors can be deemed harmless and that there is a strong presumption that constitutional errors are subject to harmless error analysis. Arizona v. Fulminante (1991), 499 U.S. 279, 306; Rose v. Clark
(1986), 478 U.S. 570. But there is a limited class of constitutional errors which are not subject to harmless error analysis. Neder v.United States (1999), 527 U.S. 1, 8; Fumlinante at 309. These errors are called "structural errors" since they are "structural defects in the constitution of the trial mechanism, which defy analysis by `harmless-error' standards" since they affect "the framework within which the trial proceeds, rather than simply an error in the trial process itself." Fulminante at 309-310. When there is a structural error in the trial, then the case is subject to an automatic reversal. Neder at 8. Both Neder and Fulminante identified the denial of a public trial as a structural error.
 {¶ 4} There is no question that any error in this case would be a structural error. See Washington. The trial court's decision denied Rector the right to a public trial, at least while the child testified. But this does not necessarily mean this case is subject to automatic reversal. In Johnson v. United States (1997), 520 U.S. 461, 466, the Court noted that none of the cases it had dealt with to that point addressing structural error were subject to a plain error analysis. It then warned against using the doctrine of structural error to infringe upon the doctrine of plain error which is codified in the Criminal Rules. Id.
 {¶ 5} The Sixth Circuit has interpreted Johnson to mean that a court is not required to reverse a trial which contains a structural error if it is reviewing the trial for plain error. United States v.Frost (6th Cir. 1997), 125 F.3d 346, 386-387; United States v.Sassanelli (6th Cir. 1997), 118 F.3d 495, 499; see, also, United Statesv. Promise (4th Cir. 2001), 255 F.3d 150, 161-162 (appellate court may not be required to reverse based on a structural error when the appeal is subject to plain error analysis); Juarez v. Minnesota (8th Cir. 2000),217 F.3d 1014, 1018 (appellate courts generally decline to address arguments raised for the first time on appeal). Although not citing to these Sixth Circuit cases, the Ohio Supreme Court hinted it may interpretJohnson the same way. State v. Hill (2001), 92 Ohio St.3d 191, 198-199. But the Ohio Supreme Court refused to make that decision at that time. Id. In contrast, at least one court has specifically decided that if a structural error exists, then the case is subject to automatic reversal even if the doctrine of plain error would normally apply. United Statesv. Wiles (10th Cir. 1996), 102 F.3d 1043, 1057 (the reason why structural error defies harmless error analysis is the same reason why it defies plain error analysis).
 {¶ 6} Due to the lack of any binding authority on the issue, it is not clear whether this case would be subject to automatic reversal if there was a violation of Rector's right to a public trial or whether the error would be subject to a plain error analysis. This is sufficient to raise a genuine issue as to counsel's alleged ineffectiveness. Accordingly, I believe it would be more appropriate for this court to address the merits of Rector's argument after the issue has been fully briefed and argued before this court. For these reasons, I would grant Rector's application to reopen this appeal.